UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**JAIME C. SANTIAGO**           :
                                :           **PRISONER**
        v.                      :   Civil No. 3:08cv1473(AVC)
                                :
**WARDEN DAVID N. STRANGE**     :

### RULING AND ORDER

The petitioner, Jaime Santiago, is currently confined at the Osborn Correctional Institution in Somers, Connecticut.  He brings this action, pursuant to 28 U.S.C. § 2254, to challenge his 2001 conviction for assault in the first degree and risk of injury to a child.  The respondent, warden David N. Strange, moves to dismiss or stay the petition on the ground that the petitioner failed to exhaust his state remedies with respect to all of his claims.  For the reasons that follow, the respondent's motion is granted and the petition is dismissed without prejudice.

### I.   Facts

The petitioner was convicted, following a jury trial, of first degree assault and risk of injury to a child.  The jury found that the petitioner inflicted severe brain injuries on his three-month-old son by dropping the child on his head and then picking him up and shaking him very hard up, down and sideways.  As a result of the injuries, his son is in a persistent vegetative state, blind and deaf.  See State v. Santiago, 74

Conn. App. 736, 740 (2003).  On July 11, 2001, the petitioner was sentenced to a term of imprisonment of twenty years followed by ten years of special parole.

On direct appeal, the petitioner challenged his conviction on the ground that the evidence presented was insufficient to support the conviction.  On February 4, 2003, the Connecticut appellate court affirmed his conviction.  Id. at 737.  The petitioner did not seek certification from the Connecticut supreme court.

On August 27, 2001, the petitioner filed a petition for writ of habeas corpus in state court on the ground that he had been afforded ineffective assistance of trial counsel because counsel failed to raise the petitioner's mental disease or defect as a defense at trial.  On February 10, 2004, the state court denied the petition.  See Respondent's Mem., App. E.  The state court denied his petition for certification to appeal the decision.

The petitioner appealed the denial of certification as an abuse of discretion.  The Connecticut appellate court dismissed the appeal, the Connecticut supreme court denied certification and the United States Supreme Court denied certiorari.  See Santiago v. Commissioner of Correction, 90 Conn. App. 420, 421, cert. denied, 275 Conn. 930, (2005), cert. denied sub nom. Santiago v. Lantz, 547 U.S. 1007 (2006).

On April 16, 2004, the petitioner filed a second state


habeas petition.  The amended petition, filed with the assistance of counsel, included five claims of ineffective assistance of counsel.  The petitioner claimed that trial counsel: (1) failed to move to suppress Santiago's statements, (2) failed to recuse himself due to a conflict of interest regarding a civil case, (3) ineffectively cross-examined one of the state's witnesses, (4) failed to secure a forensic psychiatrist, and (5) failed to secure a private investigator.  On November 8, 2007, the state court dismissed the second habeas petition on the ground that the petitioner should have included all of his ineffective assistance of counsel claims in the first state habeas action.  See Respondent's Mem., App. R.  The petitioner did not appeal the dismissal.  See Respondent's Mem., App. N.

On June 7, 2006, while the second state habeas petition was pending, the petitioner filed a third state habeas action challenging his conviction on the ground that his sentence violated his right to be free from double jeopardy.  On August 25, 2008, the petitioner withdrew this petition.  See Respondent's Mem., App. S, T & U.

**II.  Discussion**

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The second circuit requires the district court to conduct a two-

part inquiry. First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

The petitioner asserts three grounds for relief. He contends that trial counsel was ineffective by failing to: (1) arrange for an independent mental health examination and present a defense of mental disease or defect, (2) move to suppress written statements petitioner gave to the police, and (3) effectively cross-examine key state witnesses. The petitioner has, however, only presented to the Connecticut supreme court the issue of whether trial counsel was ineffective in failing to assert a defense of mental disease or defect and failing to seek additional expert opinions regarding his mental state. See Respondent's Mem., App. K (petition for certification to appeal the denial of petitioner's first state habeas petition). Thus, with respect to his remaining grounds for relief, the petitioner has failed to exhaust his available state court remedies.

The petitioner is aware of the exhaustion requirement as his previous federal habeas petition was dismissed for failure to exhaust state remedies. See Santiago v. Gomez, No. 3:05cv979(AVC) (D. Conn. Mar. 30, 2006). The respondent

acknowledges that the petitioner may have been confused regarding exhaustion.  The two unexhausted claims were included in the petitioner's second state habeas petition.  That petition was dismissed because the petitioner had asserted ineffective assistance of counsel in his first habeas petition and did not offer new evidence to warrant considering the same ground for relief on a second petition.  See Respondent's Mem., App. R.

The dismissal of the second state habeas action does not excuse the requirement that the petitioner exhaust these claims by presenting them to the Connecticut supreme court.  Federal law requires that he utilize all available means to exhaust his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).  Further, under Connecticut law, the petitioner may file a state habeas petition on the ground that habeas counsel was ineffective for failing to include all ineffective assistance of counsel claims in the first federal habeas action.  See Lozada v. Warden, 223 Conn. 834, 613 A.2d 818 (1992).  In the course of that action, the petitioner may obtain review of the unexhausted claims.

Currently, there is a one-year limitations period to challenge a judgment of conviction imposed by a state court, through a petition for writ of habeas corpus in federal court.  Further, some federal habeas petitions are mixed petitions, *i.e.*, they contain both exhausted and unexhausted claims.  In light of

the limitations period for filing a federal habeas action, the second circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001).

The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d).  In this case, the petitioner's conviction became final on February 24, 2003, at the conclusion of the time during which he could have filed a petition for certification to appeal to the Connecticut supreme court.  From that date through August 25, 2008, however, one of the petitioner's three state habeas petitions was pending in state court.  Thus, the limitations period did not commence until August 26, 2008, and will expire on August 25, 2009.  Therefore, because the limitations period does not expire for several months, the petitioner will not be precluded from obtaining federal review of any of his claims if this case is dismissed without prejudice for failure to exhaust state court remedies.

### III. Conclusion

The respondent's motion to stay or dismiss [**doc. #9**] is **GRANTED** and the petition for writ of habeas corpus is **DISMISSED**

without prejudice.  The petitioner may file another federal habeas action after he fully exhausts his state court remedies with respect to all of his grounds for relief.

Further, the court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED** this 30th day of March 2009, at Hartford, Connecticut.

                                                 / s /
                                                 Alfred V. Covello
                                                 United States District Judge